# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| CHERYL L. COOPER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:18-CV-115-SNLJ |
| ANGELA MESMER, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Cheryl L. Cooper's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be time-barred, and the Court will order petitioner to show cause why it should not be summarily dismissed.

In July 2015 petitioner was charged with one count of distributing, delivering, manufacturing, producing or possession with intent to distribute, deliver, manufacture, or produce a controlled substance, which is a Class B felony under Missouri Revised Statute § 195.211. *See Missouri v. Cooper*, No. 16BT-CR1004-01 (Butler County). In December 2015 petitioner was charged with one count of possession of a controlled substance except 35 grams or less of marijuana, a felony under Missouri Revised Statute § 195.202. *See Missouri v. Cooper*, No. 16BT-CR00571-01 (Butler County). Petitioner pled guilty to both charges, and on November 1, 2016, the trial court sentenced her to 120-day shock incarceration and twelve years' imprisonment on the distribution charge and seven years' imprisonment on the possession charge. The sentences were to run concurrent However, the court suspended the execution of the sentence and placed petitioner on five years' probation after she completed her 120-day shock incarceration on March 4, 2017. Petitioner did not file a direct appeal.

In May 2018 the trial court found that petitioner had violated the conditions of her probation. On September 4, 2018, the court revoked petitioner's probation and executed on the previously imposed sentence—twelve years' imprisonment on her distribution case (*Missouri v. Cooper*, No. 16BT-CR01004-01 (Butler County)) to run concurrent with seven years' imprisonment on her possession case (*Missouri v. Cooper*, No. 16-BT-CR00571-01 (Butler County)). On November 15, 2018, petitioner filed a notice of appeal in the Missouri Court of Appeals for the Southern District challenging the November 1, 2016 judgment. *See Missouri v. Cooper*, No. SD35784 (Mo. App. Ct.). The Missouri Court of Appeals, *sua sponte*, dismissed the appeal as time barred, stating:

> Here, the trial court's judgment revoking probation does not constitute a final judgment for purposes of appeal under § 547.070 because said revocation did not enter or impose a sentence. It appears that a sentence was entered in Butler County Case No. 16BT-CR01004 on November 1, 2016, and a notice of appeal would have been due on or before November 14, 2016.

*Id.* (filed Nov. 19, 2018).

In the instant petition, petitioner argues that her counsel was ineffective because "no client attorney consultation, was never shown evidence against me, never given knowledge or understanding what taking a guilty plea meant."

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006).

Title 28 U.S.C. § 2244(d), imposes a one-year limitation period on the filing of § 2254 petitions in the federal courts. A petitioner generally has one year from the date the conviction

became final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Exceptions exist, but none of the exceptions appear to apply in this case. Nor does the limitations period appear to have been tolled under § 2244(d)(2).

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. *Id.*; Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on about November 11, 2016. Because petitioner did not file an appeal or motion for postconviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on November 11, 2017. The petition therefore appears to be time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than January 11, 2019, why this action should not be summarily dismissed.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action.

Dated this 26th day of December, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE